UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| TRUSTEES OF THE UNITED ASSOCIATION NATIONAL PENSION FUND, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 1:24-cv-261-MSN-IDD |
| BRIAN TREMATORE PLUMBING & HEATING, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Trustees of the United Association National Pension Fund's (hereinafter, "Plaintiff," "UANPF," or "Fund") Motion for Default Judgment ("Motion") against Defendant Brian Trematore Plumbing & Heating, Inc. ("Defendant"), pursuant to Fed. R. Civ. P. 55(b). Dkt. No. 9. After the Defendant failed to timely file a responsive pleading or otherwise defend this action, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, and the supporting documentation thereto, the undersigned Magistrate Judge makes the following findings and recommends that the Motion be **GRANTED** as to Count I of the Complaint.[1]

**I.  INTRODUCTION**

On February 21, 2024, Plaintiff filed this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), *as amended*, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a). Compl. ¶ 3.

---

[1] Plaintiff does not seek Default Judgment as to Count II of the Complaint. Mem. in Supp. of Pl.'s Mot. for Default J

ERISA allows parties to enforce provisions of collective bargaining agreements. In its Complaint, Plaintiff seeks delinquent contributions, liquidated damages, interest, and attorneys' fees and costs, pursuant to ERISA. *Id.* ¶ 17.

### A.  Jurisdiction and Venue

This Court has subject matter jurisdiction over this case, pursuant to 28 U.S.C. § 1331, because this case arises under a federal law, ERISA. Further, jurisdiction is conferred upon this Court by Sections 502(e) and 515 of ERISA, 29 U.S.C. §§ 1132 (e) and 1145, and Section 301(c) of the LMRA, 29 U.S.C. § 185(c).

The Court has personal jurisdiction over Defendant, pursuant to ERISA, which provides that any action brought under the statute "may be brought in the district where the plan is administered." *See* 29 U.S.C. § 1132(e)(2). ERISA also allows for nationwide service of process. *Id.* "Where a defendant has been validly served pursuant to a federal statute's nationwide service of process provision, a district court has personal jurisdiction over the defendant so long as jurisdiction comports with the Fifth Amendment." *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Services, Inc.*, 791 F.3d 436, 443, 2015 WL 3940851 (4th Cir. 2015). To support a Fifth Amendment challenge, a defendant must show that "the district court's assertion of personal jurisdiction over [them] would result in 'such extreme inconvenience or unfairness as would outweigh the congressionally articulated policy' evidenced by a nationwide service of process provision." *Id*. at 444 (quoting *Denny's, Inc. v. Cake,* 364 F.3d 521, 524 n. 2 (4th Cir. 2004)). A citizen of the United States would have difficulty showing such extreme inconvenience or unfairness. *Id*. Here, the Fund is administered in Alexandria, Virginia, Compl. ¶ 1, which is within the Eastern District of Virginia, and, as discussed below, Defendant was properly served with process. Because Defendant is incorporated under New Jersey law and has its principal place of business in New Jersey, *Id*. ¶ 2, it would be "highly unusual" for Defendant to show that any

2

"inconvenience will rise to a level of constitutional concern." *Plumbers & Pipefitters*, 791 F.3d at 444. Therefore, this Court has personal jurisdiction over Defendant.

Finally, venue is proper under 29 U.S.C. § 1132(e)(2) and 29 U.S.C. § 185(c), as the Fund is administered in this district, and its principal place of business is in Alexandria, Virginia. Compl. ¶ 1. Therefore, venue is appropriate in this Court.

### B. Service of Process

Under 29 U.S.C. §§ 1132(e)(2) and 185(d), service of process is proper in any district where a defendant resides or may be found. Although §§ 1132(e) and 185(d) state where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur. Under Rule 4(h), service upon a corporation, partnership, or other unincorporated association shall be effected "in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ P. 4(h). On November 3, 2023, a private process server served Defendant by delivering the summons and Complaint to its registered agent, Sally Finelli, in Fairfield, New Jersey. Dkt. No. 6. Therefore, Plaintiff properly served Defendant pursuant to 29 U.S.C. §§ 1132(e)(2) and 185(d) and Rule 4(h).

### C. Grounds for Default

Plaintiff filed its Complaint on February 21, 2024. Dkt. No. 1. Defendant has failed to appear, answer, or file any other responsive pleadings in this matter. On March 18, 2024, Plaintiff filed a Request for Entry of Default with the Clerk. Dkt. No. 7. On March 19, 2024, the Clerk entered default against the Defendant. Dkt. No. 8. On April 11, 2024, Plaintiff filed a Motion for Default Judgment, and the Court conducted a hearing on the matter on April 26, 2024. Dkt. No. 9, 12. After Defendant failed to appear at the hearing, respond to the Motion for Default Judgment, or otherwise defend this

action, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a claim). A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (noting default has the effect of admitting the factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its

face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### III.  FACTUAL FINDINGS AND ANALYSIS

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that Plaintiff has established the following facts. Plaintiff is a trustee of multi-employer employee benefit plans administered at 103 Oronoco Street, Alexandria, Virginia. Compl. ¶ 1. Defendant is a New Jersey corporation with its principal place of business in Fairfield, North Carolina. *Id.* ¶ 2. Defendant is an "employer in an industry affecting commerce," as defined by 29 U.S.C. § 1002(5). *Id.*

Defendant is signatory to the Collective Bargaining Agreement ("CBA") with Local Union No. 24 and is obligated to submit monthly remittance reports and fringe benefit contributions to Plaintiff for all hours worked or paid on behalf of Defendant's covered employees. *Id.* ¶¶ 6-7, 12. Pursuant to the CBA, Defendant is obligated to abide by the terms and conditions of the UANPF Trust Agreement that established the Fund. *Id.* ¶ 14. During the period of February 2023 through May 2023 and December 2023 through January 2024, Defendant employed certain employees within Local Union No. 24 who were covered under the CBA. *Id.* ¶ 8. Defendant failed to make all obligatory contributions to Plaintiff for work performed at the Defendant's request for the months of February 2023 through May 2023 and December 2023 through January 2024. *Id.* ¶ 10. Plaintiff collectively seeks $31,134.53 in delinquent contributions, liquidated damages, interest (as of April 5, 2024), and attorneys' fees and costs. Compl. ¶ 17; Mem. in Supp. of Mot. for Default J. at 3.

Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall make such contributions in accordance with the agreement. Section 502 of ERISA, 29 U.S.C. §

1132(g)(2), establishes the damages imposed on an employer who fails to make the required contributions. Under that provision, in an action to enforce Section 515, the court shall award the plan unpaid contributions, interests on the unpaid contributions, liquidated damages provided for under the plan, not to exceed 20 percent of the unpaid contributions, reasonable attorneys' fees and costs, and other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2). If an employer breaches its contract with a labor organization, Section 301 of the LMRA, 29 U.S.C. § 185(a) provides that the organization may bring suit in any district of the United States having jurisdiction over the parties. 29 U.S.C. § 185(a).

### A. Count I – Contributions Owed to the UANPF

According to the CBA and the UANPF Trust Agreement, Defendant was obligated to provide reports to Plaintiff and timely contribute to the Fund in accordance with those reports. Compl. ¶¶ 10-11. Defendant failed to timely remit contributions owed to UANPF during the period of February 2023 through May 2023 and December 2023 through January 2024. *Id.* ¶¶ 11-12. The UANPF Trust Agreement provides that an employer who fails to pay the amounts required by the CBA "shall be considered delinquent" and that the UANPF "may assess liquidated damages against any delinquent employer in the amount of 10% of the amount due . . . [and] to pay interest at a rate of up to 18% per annum, on the amount due from the date of delinquency until the date of payment." Compl. ¶ 15. On March 6, 2024, Defendant remitted contributions for the months of December 2023 and January 2024. Inscoe Decl. on Behalf of UANPF ¶ 8. Because the contributions for the months of December 2023 and January 2024 were delinquent and unpaid at the time of Plaintiff's filing of the Complaint, Plaintiff remains entitled to collect liquidated damages and interest for those months. Mem. in Supp. of Mot. for Default J. at 3; *see Plumbers & Pipefitters Local 625 v. Nitro Const. Servs., Inc.*, 27 F.4th 197 (4th Cir. 2022). The UANPF filed a declaration in support of its motion reflecting that Defendant owes unpaid contributions for the months of February 2023 through May 2023 in the amount of

$21,641.59, $2,393.53 in interest (as of April 5, 2024), and $2,698.16 in liquidated damages. Inscoe Decl. on Behalf of UANPF ¶¶ 7, 11-12; Ex. G. Therefore, the undersigned finds that Defendant owes $26,733.28 in damages to the UANPF.

In sum, the undersigned finds that the following amounts are owed to the UANPF:

|  | *Delinquent Contributions* | *Liquidated Damages* | *Interest (through 04/05/2024)* | *Total* |
|---|---|---|---|---|
| **UANPF** | $21,641.59 | $2,698.00 | $2,393.53 | $26,733.28 |

### B. Attorneys' Fees and Costs

Finally, Plaintiff seeks $4,401.25 in attorneys' fees and costs. Mem. in Supp. of Mot. for Default J. at 8. When a plaintiff is awarded judgment to collect unpaid sums under ERISA, the plaintiff is entitled to collect reasonable attorneys' fees and costs of the action. 29 U.S.C. § 1132(g). Plaintiff provided a declaration from their attorney and a detailed billing statement in support of their request for attorneys' fees and costs. Dkt. No. 10. In those documents, Plaintiff claims $700.00 in costs and $3,701.25 in attorneys' fees based on 11.75 hours of expended counsel time at a rate of $315.00 per hour for attorneys. Szewczyk Decl. ¶¶ 4, 6-8. Time spent by counsel includes reviewing and preparing the Complaint, Request for Entry of Default, Notices of Appearance, and the Motion for Default Judgment. Dkt. No. 10; Ex. A. The undersigned finds these rates to be consistent with reasonable rates charged in the Eastern District of Virginia for like matters and the number of billable hours spent on the case to be reasonable. Therefore, the undersigned finds Plaintiff's request for attorneys' fees and costs to be reasonable and recommends an award of $4,401.25.

## IV. RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of the Trustees of the United Association National Pension Fund. In sum, Plaintiff is entitled to damages in the total amount of $26,733.28 and attorneys' fees and costs in the amount of $4,401.25, for a total of $31,134.53.

## V. NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

July 25, 2024  
Alexandria, Virginia

　　　　　　　　　　　　　　　　　　　　　　　/s/ Ivan D. Davis  
　　　　　　　　　　　　　　　　　　　　　　　Ivan D. Davis  
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge